IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RHONDA P., § | |
| Plaintiff, § | |
| § | |
| v. § | No. 1:24-CV-173-BW |
| § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rhonda P. brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  (*See* Dkt. No. 1.)  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c), and the parties consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(b) and Special Order No. 3-350.

Plaintiff filed a brief on appeal (Dkt. No. 12) ("P. Br."), to which the Commissioner filed a brief in response (Dkt. No. 17 ("D. Br.")), and Plaintiff filed a reply brief (Dkt. No. 18) ("Reply").  After considering the pleadings, briefs, and administrative record, the Court finds that the Commissioner's decision is **REVERSED** and **REMANDED**.

I.  BACKGROUND

On September 17, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning August 12, 2021.  (*See* Transcript ("Tr.") 18, 214-21.)  In her application documents, Plaintiff alleged that she was disabled because of a heart condition.  (Tr. 215.)  Plaintiff's claims were denied initially on May 1, 2023, and again on reconsideration on May 24, 2023, after which Plaintiff timely requested an administrative hearing.  (Tr. 18, 50-77.)

On December 12, 2023, Administrative Law Judge Christopher Van Dyck ("the ALJ") held a telephonic hearing, at which all participants appeared by telephone.  (Tr. 18.)  Plaintiff was represented at the hearing by Nicholas Andrew Huntsman, an attorney.  (*Id.*)  Barbara A. Dunlap, an impartial vocational expert ("VE"), also appeared and testified.  (*Id.*)  The ALJ issued an unfavorable decision on March 4, 2024, finding Plaintiff not disabled.  (Tr. 18-29.)

On August 13, 2024, the Appeals Council denied Plaintiff's request for further review.  (Tr. 1-6.)  The ALJ's March 4, 2024 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

II.  LEGAL STANDARDS

A.  **District Court Review**

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*,

2

67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. To determine whether substantial evidence of disability exists, four elements of proof must be weighted: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Thus, the court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*,

706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-244-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id*. (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

    B.    The Sequential Evaluation Process

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Copeland*. 771 F.3d at 923 (citing 42 U.S.C. § 423(d)(1)(A)). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id*. § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Wren*, 925 F.2d at 125 (summarizing 20 C.F.R. § 404.1520(b)-(f)). On the first four steps of the analysis, the claimant has the initial burden of proving that he is disabled. *Bowen v. Yuckert*, 482

U.S. 137, 146 n.5 (1987).  The burden shifts to the Commissioner on the fifth step to show that the claimant is capable of performing work in the national economy and is therefore not disabled.  *Id*.  "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis."  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir.1987).

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If the claimant is not engaged in substantial gainful work activity, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled.  *Id*. § 404.1509.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments.  *See id*. § 404.1520(e)-(f).

5

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then she is not disabled. *Id.* If an individual's impairment precludes her from performing past work, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### III.  ALJ's FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his March 4, 2024 decision:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.

2. The claimant has not engaged in substantial gainful activity since August 12, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: aortic valve insufficiency with mechanical aortic valve replacement, aortic regurgitation, mitral regurgitation, non-rheumatic aortic valve stenosis, atrial fibrillation, hypertension, scoliosis of the thoracic spine, spondylosis, and chronic back pain (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).[1]

6. The claimant is capable of performing past relevant work as a fast food worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 12, 2021, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 20-29.)

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits, protectively filed on September 17, 2021, the claimant is not disabled under sections 216(i) and 223(d) of the Act. (Tr. 29.) The ALJ also determined that based on the application for supplemental security income protectively filed on September 17, 2021, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act. (*Id.*)

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ erred in evaluating her mental RFC because he failed to explain how he accounted for Plaintiff's non-severe mental impairments in formulating her RFC. (P. Br. at 2, 4-8.) As Plaintiff notes, the ALJ

---

[1] 20 C.F.R. § 404.1567(b): Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

found at steps 2 and 3 of the sequential analysis that Plaintiff had mild limitations in all four categories of mental functioning but failed to include any discussion of these limitations at the later steps as the regulations require. (*Id.*, Tr. 22, 23–27.) Instead, the ALJ's RFC assessment focused solely on Plaintiff's physical impairments. (*Id.*, Tr. 23–27.) Plaintiff does not contest the ALJ's physical RFC finding. (*See generally* P. Br.)

The Commissioner argues in response that the ALJ properly considered the mental limitations identified in the paragraph B criteria and did not err by declining to include mental limitations in his RFC determination. (*See* D. Br. at 4.) For the reasons discussed below, the Court agrees with Plaintiff.

A.     **The ALJ erred in determining Plaintiff's RFC.**

An individual's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *1, 3–5 (S.S.A. July 1, 1996). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." *Id.* at *1. Paragraphs (b), (c), and (d) relate to physical, mental, and other abilities.

When an ALJ assesses mental impairments, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and other work-setting pressures.

8

20 C.F.R. § 404.1545(c); *Martha L. v. Saul*, No. 1:20-CV-00003-H-BU, 2021 WL 3610316, at *3 (N.D. Tex. July 27, 2021), *adopted*, 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021). Here, the ALJ conducted a mental functioning review using the psychiatric review technique ("PRT") and found that Plaintiff had mild limitation in all four functional areas—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 22.)

Ultimately, the ALJ determined that Plaintiff's mental limitations were non-severe. (*Id.*) The ALJ's evaluation of mental limitations at this step, however, is "not an RFC assessment but [is] used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8p, 1996 WL 374184, at *4. "The subsequent mental RFC assessment requires a more detailed analysis in which the ALJ must consider a claimant's mental disorders and express them in terms of work-related functions[.]" *Joy C.-L. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-896-B-BK, 2024 WL 3527855, at *4 (N.D. Tex. July 8, 2024) (citing SSR 96-8p, 1996 WL 374184, at *4, 6), *adopted*, 2024 WL 3529009 (N.D. Tex. July 24, 2024).

"[C]ourts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Tamara G. v. Comm'r of Soc. Sec. Admin.*, No. 3:22-CV-631-D-BK, 2023 WL 2504912, at *3 (N.D. Tex. Feb. 13, 2023), *adopted*, 2023 WL 2518840 (N.D. Tex. Mar. 14, 2023). But when an ALJ finds mental limitations

are credible at steps 2 and 3 but does not include any discussion of them at later steps, an ALJ must explain "why he omitted any mental limitations from the residual-functional-capacity formulation." *See Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. 2022).

Here, the ALJ did not adequately discuss Plaintiff's mental limitations in his RFC determination. In fact, the RFC determination is completely silent regarding Plaintiff's mental impairments, despite finding Plaintiff to be mildly limited in all four functional areas. (*See* Tr. 22, 23-27.) The Commissioner argues that "the ALJ expressly found that the residual functional capacity assessment reflects the degree of limitation that the ALJ found in the [paragraph B] mental function analysis" (D. Br. at 4), but the Court disagrees. The RFC determination contains no such "express" finding, as the Commissioner argues. As previously stated, there is no mention of mental limitations in the RFC determination whatsoever. In any event, the Commissioner's argument misstates the issue at hand. The error here is not that the ALJ failed to *include* mental limitations in the RFC, instead, the error is the failure to *consider* whether including the functional limitations was warranted. *Castillo*, 599 F. Supp. 3d at 489. Here, the ALJ failed to explain his reasoning for failing to include any of the mental impairments. (*See* Tr. 23-27.) The ALJ's failure to consider Plaintiff's mental impairments in her RFC assessment constitutes legal error. *See Martha L.*, 2021 WL 3610316, at *5; *see also Joy C.*, 2024 WL 3527855, at *4; *Castillo*, 599 F. Supp. 3d at 489; *Melissa B. v. Comm'r of Soc. Sec.*, No. 4:24-CV-00856-BT, 2025 WL 2550582, at *3 (N.D. Tex. Sept. 4, 2025).

B.   **The ALJ's error was not harmless.**

Notwithstanding legal error, remand is not warranted if the ALJ's error is harmless. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). For the reasons discussed below, the Court finds the error is not shown to be harmless.

"The ALJ has a responsibility to adequately explain his reasoning in making the findings on which his ultimate decision rests, and in doing so must address all pertinent evidence. The Court's inability to clearly determine whether the ALJ adequately considered certain limitations or not constitutes reversible error." *Joy C.*, 2024 WL 3527855, at *5 (quoting *Gonzales v. Berryhill*, No. 3:16-CV-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. Aug. 15, 2017)). Here, the ALJ only asked the VE about a hypothetical individual who could perform the full range of both light and sedentary work, to which the VE responded that an individual limited to light work could still perform Plaintiff's past relevant work as a fast-food worker as actually and generally performed and as a door-to-door salesperson as generally performed. (Tr 48.) The ALJ did not ask the VE about how Plaintiff's mild mental limitations would affect her ability to work (*see* Tr. 48–49), and as Plaintiff points out, both the fast-food worker door-to-door salesperson jobs require frequent talking. (*See* P. Br. at 8; *see also* Dkt. 12-1 at 1; Dkt. No. 12-2 at 1.)

This omission makes it impossible to know "whether the ALJ adequately considered certain limitations or not." *Castillo*, 599 F. Supp. At 490 ((citing *Gonzales*, 2017 WL 3492215, at *6). Even slight mental limitations may have affected the ability to perform the other jobs identified. *Id*.; *see also Serena G. v. O'Malley*, No.

11

4:23-CV-3517, 2024 WL 4846214, at *5 (S.D. Tex. Nov. 18, 2024) (finding that the ALJ's errors prejudiced the plaintiff because the ALJ "may have assessed a more limited RFC precluding Plaintiff from performing" the occupations identified by the VE); *see also Joy C.-L.*, 2024 WL 3527855, at *4; *Melissa B.*, 2025 WL 2550582, at *3.

In other words, "the impact of the ALJ's error here may be de minimis, or only require minor modifications of [Plaintiff's] residual functional capacity[,]" resulting in the same conclusion that Plaintiff can still perform her past relevant work; but due to the ALJ's silence on the matter, the Court cannot say if that would truly be the result. *Castillo*, 599 F. Supp. at 490 (citing *Curry v. Comm'r of Soc. Sec.*, No. 1:15-CV-07515-NLH, 2017 WL 825196, at *5 (D.N.J. Mar. 2, 2017)) (cleaned up) (ALJ reversibly erred in failing to evaluate whether plaintiff's mild and moderate mental impairments impacted her overall residual functional capacity). Accordingly, the Court finds that remand is warranted.

## V.  CONCLUSION

For the reasons discussed above, the Commissioner's decision be **REVERSED** and this case **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

**SO ORDERED** on January 8, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE